**Opinion issued March 8, 2018**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

**NO. 01-18-00074-CR**

**NO. 01-18-00075-CR**

—————————————

**CARLOS MACIAS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1486865 & 1486866**

---

## MEMORANDUM OPINION

Appellant, Carlos Macias, was indicted for the first-degree felony offense of super-aggravated sexual assault of a child under six years of age in the underlying trial court cause number 1486865, which carried a minimum prison term of twenty-

five years.[1] Appellant was separately indicted for the first-degree felony offense of continuous sexual abuse of a child, involving a different child, in the related trial court cause number 1486866, which also carried a minimum prison term of twenty-five years.[2] The State agreed to reduce the charges in both cases to the first-degree felony offenses of aggravated sexual assault of a child under fourteen years of age, with an agreed punishment recommendation of twenty years' confinement in each case.[3] Appellant pleaded guilty to the reduced first-degree felony offenses of aggravated sexual assault of a child under fourteen years of age with the agreed twenty-year confinement recommendation in each case.

In accordance with his plea bargains with the State, the trial court found appellant guilty and assessed his punishment at twenty years' confinement in each of the trial court cause numbers 1486865 and 1486855, with the sentences to run concurrently.[4] The trial court certified that these were plea-bargained cases and that appellant had no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). Appellant timely

---

[1]     *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(iii), (e), (f)(1) (West 2011).

[2]     *See* TEX. PENAL CODE ANN. § 21.021(b), (c)(2), (4), (h) (West 2011).

[3]     *See* TEX. PENAL CODE ANN. §§ 22.011(c)(1), 22.021(a)(1)(B)(iii), (b)(1), (e) (West 2011).

[4]     *See* TEX. PENAL CODE ANN. § 12.32(a) (West 2011).

2

filed a pro se notice of appeal and the trial court appointed counsel in each case. *See id.* 26.2(a)(1). We dismiss these appeals for want of jurisdiction.

In a plea-bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2017); TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d); *see Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).

Here, the trial court's certifications, included in the clerk's record in each case, stated that these were plea-bargained cases and that appellant had no right of appeal, and the trial court did not give its permission to appeal any matters. *See* TEX. R. APP. P. 25.2(a)(2), (d); *Dears*, 154 S.W.3d at 615. The clerk's records in each case, including the plea waivers and plea terms, confirm that appellant pleaded guilty to the reduced first-degree felony offense of aggravated sexual assault of a child under fourteen years of age in exchange for the State's reduction of the original charges and the twenty-year punishment recommendations.

Thus, the records support the trial court's certifications. *See Dears*, 154 S.W.3d at 615; *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003) (noting that agreement to plead guilty in exchange for State's reduction of charge is plea bargain under Rule 25.2(a)(2)). Because appellant has no right of appeal, we

3

must dismiss these appeals. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss these appeals for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f).

**PER CURIAM**

Panel consists of Justices Jennings, Keyes, and Higley.

Do not publish.   TEX. R. APP. P. 47.2(b).